**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| JEROME BRUCE | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 10-414 |
| | * | |
| RCS, LLC, ET AL. | * | SECTION "B"(3) |

## OPINION

The re-submission of Hanagriff's affidavit along with Plaintiff's incomplete work record are insufficient to establish as a matter of law that Plaintiff is not a seaman within the meaning of the Jones Act.   Plaintiff referred us to Defendant's own statements and Defendant's time sheets as showing Plaintiff worked aboard numerous vessels nearly 30% of his time.   The evidence shows that Plaintiff's supervisory work, in the light most favorably to him as non-moving party, contributed to the vessel's mission and was minimally sufficient to show material factual disputes regarding seaman status.

Therefore, the arguments presented by RCS do not satisfy the requisite criteria for grant of Rule 59(e) relief.   RCS has failed to show that the Court committed a manifest error of law, that there exists newly discovered or previously unavailable evidence, that an intervening change in controlling law has occurred, or that manifest injustice would result absent granting the instant motion. Finding that RCS has not provided the Court any basis for altering

its ruling or judgment,

**IT IS ORDERED** that Defendant's Federal Rule of Civil Procedure 59(e) motion (Rec. Doc. No. 41) is **DENIED.**

New Orleans, Louisiana, this 8th day of August, 2011.

UNITED STATES DISTRICT JUDGE